# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BURKE, DAN ALLEN, ANDREA ANDERSON, JAMES BERNHOLTZ, JAMES BERNINGER, DAVID BIGALOW, NICK, BLAIR TIM BLESSING, ERIC BRANDT, JAMES BRITTO, RAY BROOKS, GREG BRYANT, JOHN BRUCE, JAMES BUCKNER, BRIAN CARDASSO, JEFF COLE, RICHARD DANIELS, JOHN DAVID, WILLIAM DEAN, JOSE DIAZ, THERESA DICKEN, CHET DUNLEAVY, BILL ELLIS, MIKE ENNIS, MATT FINKEY, PATRICK FLYNN, RON FORRY, BOBBY GERHART, ROBERT GREINER, JOHN GROVE, BRAD HALDEMAN, KATHY HAMAKER, JOSEPH HEFFERS, ROBERT HINELINE, MICHELE JOHNS, COURTNEY JOHNSON, KEVIN KAUFFMAN, RAUL KELLER, JAMES KOVIC, DAVE LOWMASTER, MATTHEW LUNDGREN, DARRIN LYTLE, JAY MARTIN, SCOTT McCARTY, ROBERT McGARRITY, DOUG McKILLIP, DAN MILLER, BRAD MILLS, DAVID MOORE, SCOTT MORSE, TIM MOTZ, JAMES MURPHY, PHIL MUSSELMAN, JON NOON, ROBERT NULL, KEN OAKLEY, TOM OLIVETT, ERNIE PRICE WILLIAM RACKLEY, DAN REMBISH, KEVIN RHYDER, DAN RILEY, SCOTT ROCCA, JOHN ROYSTER, PHIL SIMMONS, RON | CASE NO:<br><br>JUDGE:<br><br><br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

1

```
SISTI, STEVE SPALDING, JAMES SPIKER,   )
ED STEWART, JOSH STOKES, BARRY STONE)
CHRIS SWAGER, KEITH SWINGHOLM,         )
STEVE THORNE, JIM WAIBEL, ROBERT       )
WALTON, JASON WARFEL, RAY YOCUM        )
and KYLE YORTY, all of Pennsylvania,   )
                                       )
                     Plaintiffs,       )
                                       )
        -vs-                           )
                                       )
THE WACKENHUT CORPORATION              )
4200 Wackenhut Drive                   )
Palm Beach Gardens, FL 33410           )
                                       )
                     Defendant.        )
_____)
```

## COMPLAINT

Now come the Plaintiffs, as listed in the caption, and for their complaint against the Defendant, The Wackenhut Corporation ("Wackenhut" and/or "Defendant"), allege as follows.

1.   Plaintiffs bring this action under the Fair Labor Standards Act of 1938, *as amended*, 29 USC § 201 *et seq*. [hereinafter "FLSA"], to recover unpaid back wages, an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

2.   Jurisdiction of this action is conferred upon the Court by Section

16(b) of the FLSA, 29 USC 216(b). All of the actions contained in the subject of this Complaint occurred in and around Three Mile Island, making venue in this Court proper.

## PARTIES

3. Defendant The Wackenhut Corporation at all times hereinafter mentioned has been a corporation doing business at the Three Mile Island nuclear plant in Pennsylvania, where it has been engaged in the provision of providing security services to the Nuclear Regulatory Commission.

4. At all times hereinafter mentioned, Defendant has been engaged in activities performed through unified operation or common control for a common business purpose, having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having annual gross volume of sales made or business done of not less than $100,000.00, and therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA Section 3(r) and (s), 29 USC § 203(r) and (s).

5. At all times material hereto, each and every Plaintiff was employed by the Defendant as security guards and worked at the Three Mile Island facilities.

3

Plaintiffs qualify as employees for the purposes of the FLSA.

## COUNT ONE: VIOLATION OF THE FLSA

6. During the period from January 1, 2002 through April 2004, Defendant employed Plaintiffs in the aforesaid enterprise and willfully failed to pay them wages and overtime compensation for periods of time which they suffered and permitted the Plaintiffs to work, including, but not limited to, periods of time required for arming up and checking through security and arming down, contrary to the requirements of Section 6 of the FLSA, 29 USC § 206.

7. During the period from January 1, 2002 through April 2004, Defendant willfully employed Plaintiffs in the aforesaid enterprise for workweeks longer than forty (40) hours and failed to compensate them their employment in excess of forty (40) hours per week at a rate of at least one-and-one-half (1½) times the regular rate at which they were employed, contrary to the requirements of Section 7 of FLSA, 29 USC § 207.

8. As a result of the underpayment and non-payment of wages and overtime compensation, Defendant is indebted to each an every Plaintiff, which amount has been demanded of Defendant and which it has refused to pay.

WHEREFORE, each and every Plaintiff demands Judgment against the Defendant in an amount to be determined at trial, an additional equal amount as

liquidated damages, as well as their reasonable attorneys' fees and costs.

    A JURY TRIAL IS DEMANDED

*/s/ Leslie Deak*
Leslie Deak [PA 72455]
Law Offices of Leslie Deak
1200 G Street, N.W.
Suite 800, No. 099
Washington, D.C.  20005
Tel.:  (512) 322-3911
Fax:  (512) 322-3910
E-mail: deaklaw@comcast.net

*/s/ John A. Tucker*
John A. Tucker [OH 00520555]
John A. Tucker Co., L.P.A.
1 South Main Street, Suite 301
Akron, Ohio 44308
Tel.:  (330) 253-7100
Fax:  (330) 253-2500
E-mail: jatucker@jatuckerlaw.com

ATTORNEYS FOR PLAINTIFFS