IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL BURKE,** *et al.,* | : | **No. 01-CV-06-0050** |
| **Plaintiffs** | : | |
| v. | : | **JUDGE SYLVIA H. RAMBO** |
| **THE WACKENHUT CORP.,** | : | |
| **Defendant** | : | |

### M E M O R A N D U M  &  O R D E R

The background of this order is as follows: the parties filed cross-motions to enforce the settlement agreement allegedly entered on October 22, 2006. Each side sought enforcement of its interpretation of the agreement.[1] Upon consideration of the briefs on the issue and arguments made in the conference call held on March 2, 2007, the court concludes that there has not been a complete settlement in this case. Dispositive issues remain unresolved. Those issues are the following: 1) whether this suit is a collective action or a group of individual actions under the Fair Labor Standards Act ("FLSA"), specifically 29 U.S.C. § 216(b); 2) the correct allocation of liquidated damages versus back wages within the lump sum payment to Plaintiffs by Defendant; and 3) whether court approval is required before a settlement agreement may be enforceable.[2] The court will resolve the issue of whether this action is collective or individual because the matter is ripe. The two remaining issues are not ripe and will not be decided.

---

[1] Defendant Wackenhut Corporation has since filed a motion to withdraw its motion to enforce settlement. The motion to withdraw will be granted.

[2] The issue of whether a confidentiality provision should be inserted into any settlement agreement ultimately signed by the parties was also raised in the briefs. Counsel have resolved this question.

This suit is a group of individual actions, not a collective action under the FLSA. Section 216(b) allows one or more employees to bring suit against his employer for a violation of the act "for and in behalf of himself or themselves and other employees similarly situated." This provision allows joinder of individual causes of action into one case, akin to the procedure under Federal Rule of Civil Procedure 20(a), or for one employee-plaintiff to represent a class of similarly-situated employees in a "collective action" akin to class actions governed by Federal Rule 23. *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101-02 (7th Cir. 2004). It is important to make a clear distinction between an individual action by a group of named plaintiffs and a collective action on behalf of a group because the FLSA contains certain procedural requirements for collective actions that do not apply to individual suits. *Id.*

A typical collective action is brought by a named plaintiff "on behalf of himself and other employees similarly situated." *See* 29 U.S.C. § 216(b); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 304 (3d Cir. 2003); *Harkins*, 385 F.3d at 1101. It has become common for a plaintiff bringing an FLSA complaint on behalf of himself and others to move the court to "certify" that their action is a collective action for case management purposes. *See, e.g., Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1134 (D. Nev. 1999) (identifying numerous courts to apply the practice of "certifying" a FLSA collective action).

Individual actions, on the contrary, are brought by one or more individual named plaintiffs who sue to vindicate their own rights, not the rights of others similarly situated. The hallmarks of an individual action are that each plaintiff is named in the caption of the case, there is an individual cause of action

stated in the complaint for each plaintiff, and each plaintiff has an individual fee agreement with the common attorney. *Allen v. Atlantic Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984). These hallmarks ensure that the employer sued knows precisely who is bringing suit, the potential extent of its liability, and the protection that *res judicata* will apply to each and every named plaintiff – the same concerns satisfied by the procedural requirements for a collective action under FLSA. *See Morelock v. NCR Corp.*, 586 F.2d 1096, 1103 (6th Cir. 1978) *Gray v. Swanney-McDonald, Inc.*, 436 F.2d 652, 655 (9th Cir. 1971).

      The instant case is an individual action brought by a group of Plaintiffs, not a collective action. The current caption[3] lists seventy-nine individual names of Plaintiffs, each of whom seeks to vindicate his or her own rights. No Plaintiff purports to sue "on behalf of others similarly situated." Plaintiffs have not sought "certification" of a collective action. The complaint alleges only one cause of action for the group, not a cause of action for each individual Plaintiff. Pleading only one cause of action is not the best practice when bringing an individual suit, but failing to state a count for each Plaintiff, on the present facts, does not automatically render this suit collective. Further, the language of the complaint refers to the Plaintiffs as individuals. In pleadings filed before the current settlement conflict, Defendant never sought collective treatment for this case. Moreover, each Plaintiff has entered an individual fee agreement with Plaintiffs' counsel.

      Deeming this suit an individual action does not deprive Defendant of any of the protections of the collective action procedures. Each individual Plaintiff

---

[3] Plaintiffs' counsel acknowledged that the current caption is incorrect by three or four names. Plaintiffs will be ordered to correct the caption.

will be identified in the caption of the complaint.  Defendant will know the exact extent of its liability and to whom it must make payment.  Additionally, *res judicata* will apply to each Plaintiff at the conclusion of this suit because each will be required to sign the settlement agreement ultimately amenable to both parties.  An appropriate order will issue.

The court will not order allocation of the lump sum payment between unpaid wages and liquidated damages, however.  The issue is not ripe.  The matter was not resolved at mediation and there has been no agreement between the parties since.  The court notes that Defendant has offered to consider its position on allocation and is expected to reconfer with Plaintiffs in the near future.

Similarly, the court will refrain from deciding whether court approval is required of any settlement reached by the parties.  It appears that there is a bona fide dispute over the facts which lead to liability in this case.  In dicta, the Third Circuit has indicated that such disputes may be settled privately, without court approval. *Coventry v. United States Steel Corp.*, 856 F.2d 514, 521 n.8 (3d Cir. 1988) (observing that a release of an employee's *rights* under FLSA is invalid, but the release of a claim *grounded in a factual dispute* might not be precluded); *Watkins v. Hudson Coal Co.*, 151 F.2d 311, 314 (3d Cir. 1945) (private settlement of a dispute over the amount of wages due an employee "may, under proper circumstances, be upheld").  If court approval continues to be a source of conflict between the parties after they finally reach a settlement agreement, the court will address the issue at that time, with the benefit of full briefing.

Following from the above reasoning, **IT IS HEREBY ORDERED THAT:**

1) Plaintiffs' motion to enforce settlement is **DENIED**;

2) Defendant's motion to withdraw its motion to enforce settlement is **GRANTED**;

3) This case is an individual action, not a collective action under the FLSA;

4) Plaintiffs shall file a motion to amend the caption to accurately identify the Plaintiffs properly party to this suit; and

5) The ultimate settlement agreement reached by Plaintiffs and Defendant shall be signed by each and every Plaintiff.

                           s/Sylvia H. Rambo
                           SYLVIA H. RAMBO
                           United States District Judge

Dated: March 5, 2007.